## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

GREG JAMES LAWSON,      )
                          )
        Plaintiff,       )
                          )
v.                     )        CV625-019
                          )
WARDEN JACOB BEASLEY,  )
*et al.*,                   )
                          )
        Defendants.    )

### ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Greg James Lawson filed this 42 U.S.C. § 1983 case asserting that he was deprived of outdoor recreation throughout 2024. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 5 & 6. The Court screened his Complaint, found it failed to state any claim, and directed him to amend it. Doc. 7. He complied. Doc. 8. The Court, therefore, proceeds to screen his Amended Complaint. *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Lawson alleges he is incarcerated at Smith State Prison, in the "Tier 2 program."[1] *See* doc. 8 at 12. He alleges that he was not allowed any outdoor recreation "for the entire year of 2024." *Id.* Because of the lack of time outside, Lawson alleges that he developed a Vitamin D deficiency, for which he was required to take supplements. *Id.* He alleges that he complained about the conditions to Defendant Brianna Edwards, the "Unit Manager." *Id.* He alleges that Edwards' duties included

---

[1] Although it is not directly relevant to Plaintiff's allegations, "Tier II" is a designation within the Georgia Department of Corrections to designate levels of restriction within administrative segregation units. *See, e.g., Clayton v. Floyd*, 2024 WL 3317123, at *2 (M.D. Ga. Apr. 29, 2024).

conducting outdoor recreation and she "deliberately and intentionally" did not do so, despite his verbal and written complaints.  *Id.* at 12-13.

The Eleventh Circuit has explained that claims concerning denial of access to outdoor recreation implicate convicted prisoners' rights under the Eighth Amendment.  *See Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023).  Claims that prison conditions violate the Eighth Amendment, whether immediately or by creating an unreasonable risk, require the allegation of both an objectively serious condition and a defendant's deliberate indifference to that condition.  *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement).  "[O]nly those deprivations denying the minimal civilized measure of life's necessities, [cit.] are sufficiently grave to form the basis of an Eighth Amendment violation."

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks and citations omitted).

*Christmas* explains that, " 'complete denial of outdoor exercise may' violate the Constitution when there's no 'penological justification' for that condition." 76 F.4th at 1331 (quoting and citing *Bass v. Perrin*, 170 F.3d 1312, 1316-17 (11th Cir. 1999)).  Although Lawson's Complaint does not include any express allegation that the denial of his access to outdoor recreation lacked any penological justification, his expressed skepticism of Defendant Edward's explanations is, for screening purposes, sufficient. *See* doc. 8 at 12; *see also Christmas*, 76 F.4th at 1332 (allegation that outdoor recreation was denied "without any legitimate reason" was sufficient "at the § 1915A stage").  While Lawson's allegation of a year-long denial is shorter in duration that other cases where an objectively serious condition was found, again, it is sufficient for screening purposes. *See id.* (allegation of denial of recreation for two years "satisfies . . . the objective inquiry"); *Melendez v. Sec'y of Dept. of Corrs.*, 2024 WL 3880013, at *5 (11th Cir. Aug. 20, 2024) (noting that, based on allegation of denial of outdoor recreation for four years, "Defendants make no argument that . . . [plaintiff] fails to show a deprivation that is sufficiently serious to

violate the Eighth Amendment."). *But cf., e.g., Wilkerson v. Maggio*, 703 F.2d 909, 912 (5th Cir. 1983) (concluding that "one hour a day of exercise provided on the indoor tier satisfied the constitutional minimum."); *Ajaj v. United States*, 293 F. App'x 575, 584 (10th Cir. 2008) (finding deprivation of outdoor recreation for one year "is not sufficiently serious to implicate the Eighth Amendment."). While the Court remains skeptical that Lawson's allegations concerning Edward's subjective indifference to the condition are sufficient to state a claim, *see* doc. 7 at 5-6 (citing, *inter alia.*, *Christmas*, 76 F.3d at 1332), the allegations are sufficient for screening purposes, at least. The Court will, therefore, direct service of Lawson's claim that he was denied outdoor recreation against Edwards.

Before discussing the procedure for service upon Edwards and instructions for further proceedings, the Court must address several other issues in Lawson's Amended Complaint. First, Lawson's Amended Complaint seeks, in addition to monetary relief, "[t]ransfer away from Smith State Prison so that [his r]ights will not continue to be violated." Doc. 8 at 14. Release from the restrictions of Tier II is in the nature of habeas relief. *See, e.g., Daker v. Warden*, 805 F. App'x 648, 650 (11th Cir.

2020) (citing *Krist v. Ricketts*, 504 F.2d 887, 887-88 (5th Cir. 1974)).  As the Eleventh Circuit has explained, "these avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action."  *Id.* (internal quotation marks, alteration, and citation omitted).  Since Lawson's request for release from his Tier II confinement is a habeas claim, it cannot be asserted in this § 1983 action.  To the extent that Lawson is not seeking release from Tier II, but simply transfer to another prison entirely, it is well-established that prisoners have no constitutional right to confinement in a particular prison.  *See, e.g., Harris v. Deal*, 2016 WL 7856418, at *1 (S.D. Ga. Dec. 13, 2016).  Thus, to the extent that Lawson seeks "transfer," his claim should be **DISMISSED**.

Second, Lawson also alleges, somewhat ambiguously, that Edwards "is liable under supervisory standard failing to run the Tier 2 program in accordance with S.O.P."  Doc. 8 at 13.  To the extent that Lawson persists in asserting that Edwards is, somehow, vicariously liable for unidentified subordinates' conduct, § 1983 does not support such liability.  *See, e.g., Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014).  To the extent

6

that he asserts that she is somehow liable for violating administrative prison policies or procedures, that assertion also fails to state a claim. *See, e.g., Thomas v. Humphrey*, 2013 WL 3282892, at \*3 (M.D. Ga. June 27, 2013) ("[O]fficers' alleged violation of an internal policy does not, in and of itself, establish a constitutional violation."). Lawson's assertion of "supervisory liability" for any violation of unspecified "procedures" should, therefore, be **DISMISSED**.

Finally, Lawson's original Complaint listed several defendants who were not listed in his Amended Complaint. The original Complaint listed Warden Jacob Beasley and Deputy Warden Keenan Carver as defendants. *See* doc. 1 at 1, 4. The Amended Complaint lists only Defendant Edwards. Doc. 8 at 1-3. Given that, as previously explained, the Amended Complaint supersedes the original, *see* doc. 7 at 7, there are no pending allegations implicating either Beasley or Keenan. In the absence of any allegations against them, they should be **DISMISSED**.

In summary, Lawson's request for "transfer," and his claims against Defendant Edwards in her supervisory capacity and arising out of internal prison policies should be **DISMISSED**. Since the Amended Complaint does not assert claims against Warden Beasley and Deputy

Warden Keenan, they should also be **DISMISSED**. Since Lawson has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves his outdoor recreation claim for service, a copy of his Complaint, doc. 1, the Court's prior Order, doc. 7, the Amended Complaint, doc. 8, and this Order and Report and Recommendation, shall be served by the United States Marshal upon Defendant Edwards without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the

costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during

the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery.  *See generally* Fed. R. Civ.

P. 26 to Fed. R. Civ. P. 37.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.  Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint

Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's

statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 29th day of May, 2025.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

14